ORIGINAL

KAM:APH
F. #2000R0263
N:JWINSTONPREFORFORD.WPD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- against -

JONATHAN WINSTON,

        Defendant.

- - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER
OF FORFEITURE

Cr. No. 00-1248 (S-2)(NGG)

WHEREAS, in the forfeiture allegations of the above-captioned second Superseding Indictment, the United States of America (the "United States"), gave notice of its intent to seek forfeiture pursuant to 18 U.S.C. § 982 of certain property of the defendant JONATHAN WINSTON as property involved in a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), or property traceable to such property; and

WHEREAS, on October 17, 2002, the defendant JONATHAN WINSTON pled guilty to Counts One and Sixteen of the second Superseding Indictment; and

WHEREAS, as a result of his conviction on Counts One and Sixteen of the second Superseding Indictment, the defendant JONATHAN WINSTON and the United States now desire to resolve the forfeiture allegations of the Superseding Indictment in their entirety;

2

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent of the United States, and the defendant Jonathan Winston as follows:

1. Pursuant to 18 U.S.C. § 982(a)(1), as a result of his criminal violation of 18 U.S.C.§ 1956(h), as alleged in the Forfeiture Allegation of the second Superseding Indictment 00 CR 1248 (S-2)(NGG), the defendant Jonathan Winston shall forfeit to the United States as assets involved in the foregoing criminal violation, or assets traceable thereto, or substitute assets, the following: (a) the sum of $5,000,000.00 in United States Currency (the "Forfeiture Money Judgment") to be paid as set forth below; (b) the premises and real property located at 7000 Island Boulevard, PH-01, Aventura, Florida 33160 (the "7000 Island Boulevard condominium"), and all proceeds traceable thereto; (c) the proceeds of the sale of a 54 foot, 6 inch fiberglass hull 1999 self-propelled vessel, bearing registration number D1090285, named the "Patrician" (the "Patrician vessel"), and all proceeds traceable thereto; (d) all funds in the approximate sum of $1,500,000.00 on deposit in Barclays Bank, Douglas, Isle of Man, in an account in the name of Plasm Settlement, which is administered by Stuart Smalley & Co., and which is part of the Hatteras Settlement (the "Plasm Settlement funds"); and (e) all funds in the approximate sum of $1,250,000.00 in English pounds

3

sterling and $6,000 Canadian dollars held as part of the Hatteras Settlement which is administered by Stuart Smalley & Co., and which is located within the Isle of Man (the "Hatteras Settlement funds") (collectively referred to as the "Forfeitable Properties"). The proceeds of the foregoing specific properties shall be applied against the Forfeiture Money Judgment.

   2. The defendant Jonathan Winston shall execute any and all documents necessary to effectuate the immediate forfeiture of the Forfeitable Assets to the United States, including, but not limited to, all documents necessary to repatriate any and all monies from overseas to the United States. The defendant agrees to make all payments towards the Forfeiture Money Judgment by certified or bank check, payable to the "Clerk of the Court," and shall cause said checks to be sent by overnight air express delivery to Assistant United States Attorney Arthur P. Hui, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201, with the criminal docket number noted on the face of each check, according to the following schedule: (a) 25% of the outstanding balance of the Forfeiture Money Judgment within 60 days after receiving notice from the Government that the Forfeitable Properties, except for the proceeds from the sale of the 7000 Island Boulevard condominium, have been collected by the

4

United States and applied to the Forfeiture Money Judgment (the "Notice date"); the date of the defendant's guilty plea; (b) 25% of the outstanding balance of the Forfeiture Money Judgment within 120 days after the Notice date; (c) 25% of the outstanding balance of the Forfeiture Money Judgment within 180 days of the Notice date; and (d) 25% of the outstanding balance of the Forfeiture Money Judgment within 240 days of the Notice date. All funds collected and payments made toward the Forfeiture Money Judgment may be applied toward any restitution ordered by the court.

3. The defendant Jonathan Winston shall vacate the 7000 Island Boulevard condominium as soon as possible, and in any event, no later than January 3, 2003. Immediately upon vacating the 7000 Island Boulevard condominium, the defendant Jonathan Winston shall turn over to representatives of the United States all keys to the 7000 Island Boulevard condominium, along with all title papers, insurance documents, and other documents necessary to transfer title of the 7000 Island Boulevard condominium. As soon as the defendant Jonathan Winston vacates the 7000 Island Boulevard condominium, and no later than January 3, 2003, the United States shall change the locks on the 7000 Island Boulevard condominium, and shall commence efforts to sell the 7000 Island Boulevard condominium as quickly as possible. All proceeds from

5

the sale of the 7000 Island Boulevard condominium, less reasonable costs incurred in such sale, shall be immediately applied toward the Forfeiture Money Judgment. Until the defendant Jonathan Winston vacates the 7000 Island Boulevard condominium, he shall remain responsible for payment of all outstanding amounts due on any and all insurance policies relating to the 7000 Island Boulevard condominium, and he shall remain responsible for any and all losses to said condominium.

4. Pursuant to Fed. R. Crim. Pr. 32.2, this Preliminary Order of Forfeiture shall be made part of the defendant Jonathan Winston's sentence and shall be included in the judgment of conviction.

5. Upon the entry of this Preliminary Order, and pursuant to 18 U.S.C. § 982, the United States Marshals Service will publish notice of this Preliminary Order of Forfeiture.

6. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the properties forfeited pursuant to the Preliminary Order as a substitute for published notice as to those persons so notified.

7. Any person, other than the defendant Jonathan Winston, asserting a legal interest in any of the properties forfeited pursuant to this Preliminary Order may, within thirty

days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

8. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim and the relief sought. A copy of the petition and all supporting documents shall be served upon the undersigned counsel for the United States.

9. In accordance with Fed. R. Crim. P. 32.2, the government is hereby authorized to conduct any discovery necessary to help identify, locate or dispose of any and all properties forfeited pursuant to this Preliminary Order necessary to satisfy this and other orders of forfeiture in this case as against the defendant Jonathan Winston, and to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of third parties.

10. Upon adjudication of all third-party interests, or in the absence of any claims or petitions filed by third parties, the Court will enter a Final Order of Forfeiture pursuant to 18

7.

U.S.C. § 982, in which all interests will be addressed.

11. The defendant Jonathan Winston shall: (a) not assert any claim or assist any other person to assert any claim to any of the properties and monies forfeited pursuant to this Order in any administrative or judicial proceeding; (b) waive his right to any required notice concerning the forfeiture; (c) waive his right to trial by jury of the forfeiture allegation; and (d) waive any and all defenses to the forfeiture described in this Consent Order, including, but not limited to, defenses based on double jeopardy, ex post facto application of any applicable statute, any applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

12. This Preliminary Order shall be binding upon the successors, administrators, heirs, assigns and transferees of the defendant Jonathan Winston, and the Forfeiture Money Judgment shall not be dischargeable in bankruptcy, if any, but shall survive any bankruptcy of the defendant Jonathan Winston.

13. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant Jonathan Winston at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction. If no third party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed.

8

R. Crim. P. 32.2(c)(2), as against the defendant Jonathan Winston.

14. This Court shall retain jurisdiction over this action to enforce compliance with all of the terms and conditions of this Consent Order of Forfeiture.

15. The Clerk of the Court shall provide eight (8) certified copies of this Preliminary Order to counsel for the United States. The United States is hereby authorized to provide copies of this Preliminary Order of Forfeiture to persons in order to facilitate the collection of the Forfeiture Money Judgment and the sale of the Forfeitable Properties. Pending further order of the Court, the Clerk of the Court shall then file the original of this Preliminary Order under seal.

Dated: Brooklyn, New York
October 24, 2002

s/Nicholas G. Garaufis
_____
HONORABLE NICHOLAS G. GARAUFIS
United States District Judge